UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NANCY K. HORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-1391 |
| | ) |
| NATIONAL CITY MORTGAGE SERVICES | ) |
| CO., n/k/a NATIONAL CITY DND, INC., | ) |
| NATIONAL CITY MORTGAGE CO., and | ) |
| EAPPRAISEIT, LLC, d/b/a NETWORK | ) |
| APPRAISAL SERVICES, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is Defendant eAppraiseIT, LLC's ("eAppraiseIT") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b). For the reasons set forth below, eAppraiseIT's motion [#9] is DENIED.

## BACKGROUND

Plaintiff Nancy K. Horton ("Horton") filed her Complaint against Defendants National City Mortgage Services and National City Mortgage Co. in the Circuit Court for the Tenth Judicial Circuit, Peoria County, in October 2006. In early October 2009, Horton filed an Amendment to her Amended Complaint naming defendant eAppraiseIT for the first time. eAppraiseIT removed the case to federal court based on diversity on November 13, 2009. Horton was a certified residential real estate appraiser in Illinois and had been acting as an appraiser for National City Mortgage Services Co. ("NCMSC") for eleven years. Horton

1

performed an appraisal on a "rush" basis for NCMSC in October 2002, and NCMSC's John Abraham ("Abraham"), Vice President, Producing Manager, and Mortgage Loan Originator for NCMSC, apparently communicated to Horton that she would get all the work she wanted from NCMSC as a result. Between October 1, 2002, and October 28, 2005, Horton continued to do appraisals for NCMSC, ultimately doing several hundred of them. Horton alleges that Abraham as well as several other NCMSC employees directly assigned her appraisals over that period of years, and that Abraham communicated to Horton that he would assign her additional appraisals any time she needed or requested them.

In September 2005, National City Mortgage, Inc., ("NCMI") had John Doe, a licensed Illinois real estate appraiser, review a handful of appraisals Horton had done in 2001 and 2003. Doe's review of the appraisals led to a November 14, 2005, letter to Horton from NCMI stating that the review had been done randomly, there were inaccuracies in the appraisals, and Horton should respond to the discrepancies. Allegedly, NCMI did not have Doe perform reviews of any other appraisals, and therefore, the review of Horton's appraisals was not random.

NCMSC maintains a "Black List"[1] which includes the names of banned appraisers who are prohibited from performing appraisals for NCMSC. NCMSC and NCMI have procedures and guidelines in place that they must follow, pursuant to federal law, for adding names of appraisers to the Black List. Horton alleges that the National City defendants improperly published her name on their Ineligible Appraiser List on October, 21, 2005, to other agents and employees of the Defendants. Plaintiff separately alleges she was informed by the National City

---

[1] Horton uses the phrase "Black List," though the materials attached to her Amended Complaint label it an "Ineligible List".

defendants of being put on the Black List on or about October 28, 2006, as a result of the conclusions reached by John Doe and National City with respect to her reviewed appraisals.

eAppraiseIT connects mortgage lenders with area appraisers to make appraisals for loans, and was used by National City. The National City defendants reported to eAppraiseIT that Plaintiff was on National City Mortage's "do not use list." eAppraiseIT's Appraisal Order Form states that "Network Appraisal Services is not responsible for adding and/or removing specific appraisers from this list; National City Mortgage's underwriting group retains that responsibility. Please do not contact us with inquiries regarding National City Mortgage's 'do not use' list." Plf's Amendment to the Amended Complaint, ¶ 138. The Appraisal Order Form further stated "Please be aware that Nancy Horton is currently on National City Mortgage's 'do not use' list. Due to this fact, WE WILL NOT ACCEPT COMPLETED APPRAISAL REPORTS FROM THE AFOREMENTIONED APPRAISER." The date on the form containing these statements has been redacted. Horton further alleges on information and belief that eAppraiseIT has not published similar information about other appraisers in the central Illinois area who have also been placed on the National City defendants' Black List.

Horton alleges counts against eAppraiseIT for 1) tortious interference with prospective economic advantage (Count VII), 2) defamation *per se* (Count VIII), and 3) defamation *per quod* (Count IX) as a result of the statements that appear on its Appraisal Order Form regarding Horton's placement on National City Mortgage's "do not use" list. The matter is fully briefed and this Order follows.

## DISCUSSION

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). This means that (1) the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.* 496 F.3d 773, 776 (7th Cir. 2007). Conclusory allegations are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (citing *Twombly*, 550 U.S. 544 (2007)).

For purposes of a motion to dismiss, a complaint is construed in the light most favorable to the plaintiff, its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

## I. Horton's Tortious Interference Claim (Count VII)

eAppraiseIT moves to dismiss Horton's tortious interference with prospective economic advantage claim, contending that Horton has failed to plead a prima facie case. Recovery for tortious interference with prospective economic advantage requires the plaintiff to show: 1) the existence of a valid business relationship or expectancy, 2) defendant's knowledge of the expectancy, 3) defendant's intentional and unjustified interference that prevents the expectancy

4

from developing into a valid business relationship, and 4) damages resulting from the interference. *Chicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*, 893 N.E.2d 981, 993 (Ill. App. 1st Dist. 2008).

eAppraiseIT argues that Horton's Complaint is deficient for failing to allege that eAppraiseIT aimed to injure her, instead only alleging eAppraiseIT acted "intentionally and unjustifiably." *See id.* at 994 (quoting *Romanek v. Connelly*, 753 N.E.2d 1062 (Ill. App. 1st Dist. 2001)) (explaining that the third element of the tortious interference claim refers to some impropriety committed by the defendant and so plaintiffs must prove defendants acted "intentionally with the aim of injuring" the plaintiff's expectancy). Horton points to her Amendment to the Amended Complaint wherein she alleges that "Upon information and belief, the Defendant [eAppraiseIT] has not published similar information about other appraisers in the central Illinois area who have also been placed on the Defendant NCMI's and the Defendant NCMSC's Black List." ¶ 158. She argues that it can be inferred from that allegation that eAppraiseIT intentionally aimed to harm her reputation.

In Count VII, Horton alleges, among other things, that she has devoted substantial resources toward developing her appraisal business in the Central Illinois area and developing her good professional reputation in the area, that due to her good professional reputation she had a valid expectancy of receiving referrals in the area, that eAppraiseIT knew she received referrals from colleagues and knew she had an expectation that the business relationship between her colleagues and her would continue, that eAppraiseIT intentionally and unjustifiably published to her central Illinois colleagues that she had been placed on the Black List, and that she has been damaged as a result. Horton's allegations are sufficiently specific to give

5

eAppraiseIT notice of the claim and do suggest a plausible tortious interference with prospective economic advantage claim. eAppraiseIT is demanding a level of specificity that is not required in federal notice pleading. A complaint need not plead legal theory, nor need it match facts to every element of a legal theory. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). General allegations of elements consistent with a claim, unsupported by factual allegations in support, are sufficient to satisfy the "minimal requirements of federal notice pleading." *Cook v. Winfrey*, 141 F.3d 322, 328 (7th Cir. 1998). Accordingly, eAppraiseIT's motion to dismiss with respect to Horton's claim of tortious interference with prospective economic advantage is denied.

## II. Horton's Defamation Claims (Counts VIII and IX)

### A. Statute of Limitations

eAppraiseIT moves to dismiss Horton's defamation claims on various grounds. First, eAppraiseIT contends that the claims are barred by the applicable statute of limitations. Under Illinois law, there is a one year statute of limitations for defamation actions. 735 ILL. COMP. STAT. 5/13-201. eAppraiseIT contends that because Horton pleads in her Complaint that she was placed on the "do not use" list on October 21, 2005, it can be reasonably inferred that the earliest date of the statement's alleged publication was well before October 2008, making her defamation claims against eAppraiseIT time-barred.[2] Horton argues that she does not have to negate an affirmative defense in her complaint, and eAppraiseIT did not provide an affidavit stating the date on which it believed the statute began to run. *See Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (explaining that the statute of limitations

---

[2] eAppraiseIT identifies October 2008 as the relevant date for purposes of the one-year statute of limitations due to the fact that October 2009 was when Horton filed her amended complaint, naming eAppraiseIT and adding the defamation claims against it for the first time.

is an affirmative defense which a plaintiff need not negate in the complaint, a plaintiff may plead herself out of court where she pleads facts to show her suit is time-barred, and if the plaintiff "omits the date at which the statutory period began to run, the defendant can supply that fact by an affidavit attached to [her] motion to dismiss"). Horton additionally contends that the discovery rule, rather than the single publication rule, applies in this case.

The Court and parties discussed the statute of limitations issue during their status hearing by phone on March 3, 2010. The parties represented that they each only had the redacted-date version of the Appraisal Form containing the alleged defamatory statement. Horton's counsel reiterated that even under the discovery rule, Horton did not know of the publication of the alleged defamatory statement by eAppraiseIT as of October 28, 2006, the date she was informed by defendants NCMSC and NCMI that she was placed on their "Black List." During the status hearing, the Court concluded that eAppraiseIT's motion to dismiss based upon the statute of limitations argument must be denied at this point, and that further discovery is necessary regarding the date the statement was published. The Court must therefore consider eAppraiseIT's remaining arguments for why Horton's defamation claims must be dismissed.

### B. Prima Facie Case for Defamation

To state a claim for defamation, a plaintiff must present facts showing: 1) the defendant made a false statement about the plaintiff, 2) the defendant made an unprivileged publication of that statement to a third party, and 3) the publication caused damages. *Green v. Rogers*, 917 N.E.2d 450, 459 (Ill. 2009). eAppraiseIT argues that because Horton conceded that the statement that she was placed on National City Mortgage's "do not use" list was true, and because she has pled no other statement that would support a defamation claim, her defamation

claims must fail. *See Voyles v. Sandia Mortgage Corp.*, 751 N.E.2d 1126, 1133 (Ill. 2001) ("To recover on a claim of defamation, plaintiff must prove that the statement or publication was false").

In paragraph 109 of Horton's Amendment to the Amended Complaint, she states that the National City Mortgage defendants published her name on their Ineligible Appraiser List. She conceded that the alleged defamatory statement was published on the National City Mortgage defendants' Ineligible Appraiser List, but did not concede to its truth. Instead, in paragraphs 162 and 163, she states that eAppraiseIT made false statements to appraisers about her professional integrity and her ability to perform her job when it published that she was on the National City Mortgage defendants' "do not use" list and appraisals completed by her would not be accepted. Accordingly, Horton has sufficiently pled that eAppraiseIT made false statements about her.

eAppraiseIT next argues Horton's defamation *per se* claim is defective because the statement is not the kind that Illinois courts recognize as being actionable on a *per se* basis. Defamatory *per se* statements are those where the harm is obvious and apparent on the face of the statements. *Green*, 917 N.E.2d at 459. Of the five categories of statements that Illinois recognizes as defamatory *per se*, the parties limit their discussion to only two: 1) words that impute a person is unable to perform or lacks integrity in performing her employment duties, and 2) words that impute a person lacks ability or otherwise prejudices that person in her profession. *Id.*

eAppraiseIT states that the analysis in *Appraisers Coalition v. Appraisal Institute* is the same that applies in this case. *Appraisers Coal. v. Appraisal Inst.*, 1993 WL 326671 (N.D. Ill. 1993). In *Appraisers Coalition*, plaintiff appraisers contended that they were defamed when the

8

defendants removed their names from buyer's lists. *Id.* at *8. The District Court explained that because the plaintiffs made no allegations regarding any statement made by the defendants, that failure alone warranted dismissal as it failed to satisfy the requirements of notice pleading. *Id.* (citing *Derson Group, Ltd. v. Right Mgmt. Consultants, Inc.*, 683 F.Supp. 1224, 1227 (N.D. Ill. 1988)).

Here, Horton does not merely allege the removal of her name from a qualified appraisers list without additionally alleging statements made by defendants as the plaintiffs did in *Appraisers Coalition*. Instead, she specifically identifies the alleged defamatory statements that appeared on eAppraiseIT's Appraisal Order Form. *See* Amendment to the Amended Complaint, ¶ 163. Horton's defamation *per se* claim does not, therefore, suffer from the same defect as the plaintiffs' in *Appraisers Coalition*.

eAppraiseIT next avails itself of the innocent construction rule as a ground for arguing the dismissal of Horton's defamation *per se* claim. Illinois case law provides:

> [A] written or oral statement is to be considered in context, with the words and the implications therefrom given their natural and obvious meaning; if, as so construed, the statement may reasonably be innocently interpreted . . . it cannot be actionable *per se.*

*Anderson v. Vanden Dorpel*, 667 N.E.2d 1296, 1302 (Ill. 1996) (citing *Chapski v. Copley Press*, 442 N.E.2d 195) (Ill. 1982)); *Harrison v. Chicago Sun-Times, Inc.*, 793 N.E.2d 760, 771-72 (Ill. App. 1st Dist. 2003); *see also Tuite v. Corbitt,* 866 N.E.2d 114, 123 (Ill. 2006) (court would not "strain to interpret allegedly defamatory words in their mildest and most inoffensive sense in order to hold them nonlibellous under the innocent construction rule").

Here, eAppraiseIT argues that the alleged defamatory statement made about Horton is capable of the innocent construction that she was simply placed on National City's "do not use"

9

list, without implications about her business acumen or her integrity in general. The alleged defamatory statements can be interpreted as imputing that Horton lacked integrity in performing her employment duties, or prejudicing her in her profession as a real estate appraiser. It would be a strain for the court to determine that Horton fails to set forth a defamation *per se* claim where third parties were notified of her placement on a "do not use" list, and, through the use of all uppercase letters, they were notified that appraisals completed by her would not be accepted. In the Court's view, such statements go beyond the mere publication of an employee's termination or suspension. *See Appraisers Coal.*, 1993 WL 326671, at *8 (defendants' alleged removal of plaintiffs' names from buyer's lists no worse than the publication of an employee's termination). Therefore, eAppraiseIT's motion to dismiss Horton's defamations claims (Counts VIII and IX) is denied.

**III.    Privilege**

eAppraiseIT finally argues that Horton's Complaint should be dismissed because it was privileged to make the alleged defamatory statements which caused the alleged tortious interference. In the context of tortious interference claims, a defendant may act in a way to enhance its own business interests, and so it is privileged to act in a way that may harm the business expectancy of others. *Fidelity Nat'l Title Ins. Co of New York v. Westhaven Properties*, 898 N.E.2d 1051, 1068 (Ill. App. 1st Dist. 2007). In the context of defamation claims, "a communication is conditionally privileged where a defendant, who has a duty or interest to uphold, makes a remark in good faith on a proper occasion in an appropriate way to proper parties, that is limited to the duty or interest he seeks to affirm." *Fascian v. Bratz*, 421 N.E.2d 409, 411 (Ill. App. 3d Dist. 1981); *see also Kuwik v. Starmark Star Mktg. and Admin., Inc.*, 619

N.E.2d 129, 132-33 (Ill. 1993) (in order to facilitate the availability of correct information, qualified privilege exists based upon policy to protect honest communications of misinformation in certain circumstances). Whether a qualified privilege exists is a question of law. *Kuwik*, 619 N.E.2d at 133.

Horton responds that she has alleged that eAppraiseIT has abused any privilege it may have. *Kuwick* provided that an abuse of a qualified privilege may consist of a reckless act showing a disregard for the defamed party's rights, such as failure to properly investigate the truth of the matter, limit the scope of the material, or send the material to only the proper parties. 619 N.E. 2d at 136. Whether a qualified privilege has been abused is a question of fact for the jury. *Id.* at 133. Here, Horton alleges in her Amendment to the Amended Complaint that eAppraiseIT made the alleged defamatory statements without knowledge of the truth or in reckless disregard of it, eAppraiseIT failed to properly investigate the truth of the matter, it may have exceeded the scope of any privilege, and there was no reason for it to publish the defamatory statements to the central Illinois community of appraisers. *See* Amendment to the Amended Complaint, Dkt 6, Exh B1, ¶¶ 164, 165, 173, 175. Viewing Horton's Complaint in the light most favorable to her, taking her well-pleaded factual allegations as true, and drawing all reasonable inferences in favor of her, the Court finds that Horton has stated claims for defamation and tortious interference, and it is otherwise too early to reject her allegations that eAppraiseIT abused any privilege it may have had. Accordingly, eAppraiseIT's motion to dismiss Horton's defamation and tortious intereference claims on the basis of privilege is denied.

## CONCLUSION

For the reasons set forth above, Defendant eAppraiseIT's Motion to Dismiss [#9] is DENIED. This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this 24th day of March, 2010.

s/Michael M. Mihm  
Michael M. Mihm  
United States District Judge